IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| ANTHONY CAIRNS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| vs. | ) |
| | ) FILE No. |
| LR-CARROLLTON 1, LLC and | ) |
| MDT MARSH, LTD., | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW, ANTHONY CAIRNS, by and through the undersigned counsel, and files this, his Complaint against Defendants, LR-CARROLLTON 1, LLC and MDT MARSH, LTD., pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' LR-CARROLLTON 1, LLC and MDT MARSH, LTD., failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2. Plaintiff ANTHONY CAIRNS (hereinafter "Plaintiff") is and has been at all times relevant to the instant matter, a natural person residing in Dallas, Texas (Denton County).

3. Plaintiff is disabled as defined by the ADA.

4. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5. Plaintiff uses a wheelchair for mobility purposes.

6. Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA.  His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property as soon as it is accessible ("Advocacy Purposes").

7. Defendant, LR-CARROLLTON 1, LLC (hereinafter "LR-CARROLLTON 1, LLC") is a Delaware limited liability company that transacts business in the State of Texas and within this judicial district.

8. Defendant, LR-CARROLLTON 1, LLC, may be properly served with process via its registered agent for service, to wit:  c/o VCORP SERVICES, LLC, Registered Agent, 1999 Bryan Suite 900, Dallas, TX  75201.

9. Defendant, LR-CARROLLTON 1, LLC is the owner of the parcel of land on the Property identified by the Denton County Property Appraiser as Property ID: 122093.  This parcel contains many accessible parking spaces which serve the public accommodations of the Property.

10. Defendant, MDT MARSH, LTD. (hereinafter "MDT MARSH, LTD."), is a Texas

limited company that transacts business in the State of Texas and within this judicial district.

11. Defendant, MDT MARSH, LTD., may be properly served with process via its registered agent for service, to wit: c/o Matthew Talley, Registered Agent, 12740 Hillcrest Road, Suite 205, Dallas, TX 75230.

12. Defendant, MDT MARSH, LTD is the owner of the parcels of land on the Property identified by the Denton County Property Appraiser as Property ID: 122091 and 169933.

## FACTUAL ALLEGATIONS

13. On or about November 3, 2020, Plaintiff was a customer at "Dollar General Store," a business located at 2515 E. Rosemeade Pkwy., Carrollton, TX 75007, referenced herein as "Dollar General Store". *See* Receipt of November 3, 2020 attached as Exhibit 1. *See also* photo of Plaintiff's November 3, 2020 visit attached as Exhibit 2. Plaintiff, on December 1, 2020, again visited the Dollar General Store. *See* Receipt of December 1, 2020 visit attached as Exhibit 3. *See* photo of Plaintiff's December 1, 2020 visit attached as Exhibit 4.

14. Plaintiff desires to be a customer at Frankie's Bar and Kitchen and Restaurant Volga for some Russian food, which is also located on the Property

15. Defendants, LR-CARROLLTON 1, LLC and MDT MARSH, LTD., are the owners or co-owners of the real property and improvements that Dollar General Store, Frankie's Bar and Kitchen and Restaurant Volga is situated upon, provides accessible parking spaces and accessible routes to those public accommodations and that is the subject of this action, referenced herein as the "Property."

16. While Parcel 122093 does not contain the Dollar General and Frankie's Bar and Kitchen, according to the Denton County Property Appraiser, the parcel of land it owns and

3

operates encompasses accessible parking spaces which serve Parcel 122091, which do contain the public accommodations of Dollar General and Frankie's Bar and Kitchen. *See* Denton County Property Appraiser Parcel Map for Parcel 122093 attached as Exhibit 5.

17. All three parcels which comprise the Property share a common parking lot with no discernable or visible demarcations or barriers which would advise a member of the public that each parcel is separate from the other.

18. Parcel 122091 contains 115 total parking spaces and only one accessible parking space and Parcel 169933 contains 95 total parking spaces with only two accessible parking spaces. Whereas Parcel 122093 contains 274 total parking spaces and 11 accessible parking spaces. The only way that Parcels 122091 and 169933 comply with the minimum number of accessible parking spaces required by section 208.2 of the 2010 ADAAG standards is if one applies the accessible parking spaces located in Parcel 122093 for the entire parking lot serving all three parcels.

19. Given the facts detailed in paragraph 16, 17, and 18 of this Complaint, the Property (incorporating all three parcels) is properly defined as one site for purposes of this lawsuit.

20. Defendant MDT MARSH, LTD., as property owner of the parcels containing Dollar General Store, Frankie's Bar and Kitchen and Restaurant Volga, is responsible for complying with the ADA for both the exterior portions and interior portions of the Property. Even if there is a lease between Defendant MDT MARSH, LTD., and a tenant allocating responsibilities for ADA compliance within the unit the tenant operates, that lease is only between the property owner and he tenant and does not abrogate the Defendant's requirement to comply with the ADA for the entire Property it owns, including the interior portions of the

Property which are public accommodations.  *See* 28 CFR § 36.201(b).

21. Plaintiff's access to the businesses located at 2515 E. Rosemeade Pkwy., Carrollton, TX  75007, Denton County Property Appraiser's property identification numbers 122093, 169933 and 122091 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and correct the ADA violations that exist at the Property, including those set forth in this Complaint.

22. Plaintiff lives 2 miles from the Property.

23. Plaintiff has visited the Property twice before as a customer and advocate for the disabled.  Plaintiff intends on revisiting the Property within six months after the barriers to access detailed in this Complaint are removed and the Property is accessible again.  The purpose of the revisit is to be a return customer, to determine if and when the Property are made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

24. Plaintiff intends on revisiting the Property to purchase goods and/or services as a return customer as well as for Advocacy Purposes, but does not intend to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

25. Plaintiff travelled to the Property as a customer and as an independent advocate for the disabled, encountered barriers to access at the Property, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

26. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

27. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

28. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

\* \* \* \* \*

(iv)   invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

29.   The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

30.   The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

31.   The Property is a public accommodation and service establishment.

32.   Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

33.   Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

34.   The Property must be, but is not, in compliance with the ADA and ADAAG.

35.   Plaintiff has attempted to, and has to the extent possible, accessed the Property in his capacity as a customer at the Property and as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or

accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

36. Plaintiff intends to visit the Property again as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

37. Defendants, LR-CARROLLTON 1, LLC and MDT MARSH, LTD., have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

38. Defendants, LR-CARROLLTON 1, LLC and MDT MARSH, LTD., will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants, LR-CARROLLTON 1, LLC and MDT MARSH, LTD., are compelled to remove all physical barriers that exist at the Property, including those specifically set forth herein, and make the Property accessible to and usable by Plaintiff and other persons with disabilities.

39. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Property and the full and equal enjoyment of the goods, services, facilities,

privileges, advantages and accommodations of the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS:**

- (i) Near Unit 214, the access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

- (ii) Near Unit 214, the accessible curb ramp is improperly protruding into the access aisle of the accessible parking space in violation of Section 406.5 of the 2010 ADAAG Standards.  This violation would make it difficult and dangerous for Plaintiff to exit/enter their vehicle.

- (iii) Near Unit 214, the accessible ramp servicing the Property lack finished edges or edge protection on both sides of the ramp in violation of Section 405.9 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access the units of the Property.

- (iv) Near Unit 215, there is a vertical rise exceeding ¼ inch in height at the base of the accessible ramp in violation of Sections 303.2 and 405.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access public features of the Property.

- (v) Near Unit 109, the accessible parking space and associated access aisle have a slope in excess of 1:48 in violation of Section 502.4 of the 2010 ADAAG standards and are not level. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(vi) Near Unit 109, the access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(vii) Near Unit 109, the accessible curb ramp is improperly protruding into the access aisle of the accessible parking space in violation of Section 406.5 of the 2010 ADAAG Standards. This violation would make it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(viii) Near Unit 109, the ground surfaces of the access aisle have vertical rises in excess of ¼ (one quarter) inch in height, are not stable or slip resistant, have broken or unstable surfaces or otherwise fail to comply with Section 302, 303 and 502.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property.

(ix) Near Unit 109, the Property has an accessible ramp leading from the accessible parking space to the accessible entrances with a slope exceeding 1:12 in violation of Section 405.2 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property.

(x) Near Unit 109, the accessible ramp servicing the Property lack finished edges or edge protection on both sides of the ramp in violation of Section 405.9 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access the units of the Property.

(xi) Near Unit 105, the access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of Section 502.4

of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(xii) Near Unit 105, the accessible curb ramp is improperly protruding into the access aisle of the accessible parking space in violation of Section 406.5 of the 2010 ADAAG Standards. This violation would make it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(xiii) Near Unit 105, the accessible ramp servicing the Property lack finished edges or edge protection and/or is otherwise in violation of Section 405.9 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access the units of the Property.

(xiv) The Property lacks an accessible route from the sidewalk to the accessible entrance in violation of Section 206.2.1 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access the units of the Property.

(xv) At Unit 105, there is a doorway threshold with a vertical rise in excess of ½ (one half) inch and does not contain a bevel with a maximum slope of 1:2 in violation of Section 404.2.5 of the 2010 ADAAG standards.

(xvi) At Frankies Bar and Kitchen, there is a doorway threshold with a vertical rise in excess of ½ (one half) inch and does not contain a bevel with a maximum slope of 1:2 in violation of Section 404.2.5 of the 2010 ADAAG standards.

(xvii) Not all entrance doors and doorways on the Property comply with section 404 of the 2010 ADAAG standards, this is a violation of Section 206.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the interior of the Property.

(xviii) Near Russian Bania, the access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(xix) Near Russian Banya, the accessible curb ramp is improperly protruding into the access aisle of the accessible parking space in violation of Section 406.5 of the 2010 ADAAG Standards. This violation would make it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(xx) Near Russian Banya, the Property has an accessible ramp that lacks finished edges or edge protection on both sides of the ramp in violation of Section 405.9 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access the units of the Property.

(xxi) Near Russian Banya, the Property has an accessible ramp leading from the accessible parking space to the accessible entrances with a slope exceeding 1:12 in violation of Section 405.2 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property.

(xxii) Near Unit 400, the access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(xxiii) Near Unit 400, the accessible curb ramp is improperly protruding into the access aisle of the accessible parking space in violation of Section 406.5 of the 2010

ADAAG Standards. This violation would make it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(xxiv) Near Unit 400, the Property has an accessible ramp that lacks finished edges or edge protection on both sides of the ramp in violation of Section 405.9 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access the units of the Property.

(xxv) Across the vehicular way from Unit 300, there are two accessible parking spaces that do not have a marked access aisle in violation of Section 502.3.3 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the accessible entrances of the Property.

(xxvi) Across the vehicular way from Unit 300, there are six accessible parking spaces that are not located on the shortest distance to the accessible route leading to the accessible entrances in violation of Section 208.3.1 of the 2010 ADAAG Standards. The configuration of the accessible parking spaces requires a disabled individual to improperly enter into the vehicular way for a long distance before arriving at the marked accessible route. This violation would make it dangerous for Plaintiff to access the units of the Property from these accessible parking spaces.

(xxvii) Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**FRANKIES BAR AND KITCHEN RESTROOMS (THE SOLE RESPONSIBILITY OF DEFENDANT MDT MARSH, LTD.)**

(i) The restroom lacks signage in compliance with sections 216.8 and 703 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff and/or any disabled individual to locate accessible restroom facilities.

(ii) The restrooms lack proper door hardware in violation of section 404.2.7 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(iii) The grab bars/handrails adjacent to the commode are missing and violate section 604.5 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(iv) The actionable mechanism of the paper towel dispenser in the restroom is located outside the prescribed vertical reach ranges set forth in section 308.2.1 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(v) The soap dispenser in the restroom is located outside the prescribed vertical reach ranges set forth in section 308.2.1 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(vi) The door of the men's restroom lacks a clear minimum maneuvering clearance, due to the less than 18 inch proximity of the door hardware to the adjacent wall, in violation of section 404.2.4 of the 2010 ADAAG standards.  This violation would make it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

40. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Property.

41. Plaintiff requires an inspection of the Property in order to determine all of the discriminatory conditions present at the Property in violation of the ADA.

42. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

43. All of the violations alleged herein are readily achievable to modify to bring the Property into compliance with the ADA.

44. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because the nature and cost of the modifications are relatively low.

45. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because Defendants, LR-CARROLLTON 1, LLC and MDT MARSH, LTD., have the financial resources to make the necessary modifications since the Property is collectively valued at $9,812,174.00 (Parcel ID: : 122093=$6,023,899.00, Parcel ID: 122091=$2,132,706.00, Parcel ID: 166933=$1,655,569.00) according to the Property Appraiser website.

46. The removal of the physical barriers and dangerous conditions present at the Property is also readily achievable because Defendants have available to it a $5,000.00 tax credit and up to a $15,000.00 tax deduction available from the IRS for spending money on accessibility modifications.

47. Upon information and good faith belief, the Property have been altered since 2010.

48. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

49. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants, LR-CARROLLTON 1, LLC and MDT MARSH, LTD., are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Property, including those alleged herein.

50. Plaintiff's requested relief serves the public interest.

51. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants, LR-CARROLLTON 1, LLC and MDT MARSH, LTD.  Moreover, the modifications to be made will likely increase the property values of the Defendants when completed.

52. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants, LR-CARROLLTON 1, LLC and MDT MARSH, LTD., pursuant to 42 U.S.C. §§ 12188 and 12205.

53. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, LR-CARROLLTON 1, LLC and MDT MARSH, LTD., to modify the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendant, LR-CARROLLTON 1, LLC, in violation of the ADA and ADAAG;

(b) That the Court find Defendant, MDT MARSH, LTD., in violation of the ADA and ADAAG;

(c) That the Court issue a permanent injunction enjoining Defendants, LR-CARROLLTON 1, LLC and MDT MARSH, LTD., from continuing their discriminatory practices;

(d) That the Court issue an Order requiring Defendants, LR-CARROLLTON 1, LLC and MDT MARSH, LTD., to (i) remove the physical barriers to access and (ii) alter the subject Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(e) That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(f) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: December 7, 2020.

Respectfully submitted,

Law Offices of
THE SCHAPIRO LAW GROUP, P.L.

/s/  Douglas S. Schapiro
Douglas S. Schapiro, Esq.
State Bar No. 54538FL
*Attorney-in-Charge of Plaintiff*
The Schapiro Law Group, P.L.
7301-A W. Palmetto Park Rd., #100A
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com

ATTORNEYS FOR PLAINTIFF
ANTHONY CAIRNS